# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RICKY MORRIS,                                                                              PETITIONER

V.                                                                            NO. 1:01CR126-D

UNITED STATES OF AMERICA,                               RESPONDENT

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently incarcerated at the Federal Correctional Institution at Yazoo City, Mississippi, files this action pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## BACKGROUND

Morris was indicted on one count of distributing and aiding and abetting the distribution of in excess of 50 grams of cocaine base and a second count which alleged that he distributed and aided and abetted in the distribution of cocaine hydrochloride. The first count carried a penalty range of not less than 10 years to life in prison, while the second count carried a maximum penalty of 20 years in prison.

Morris, with the assistance of counsel, entered a guilty plea pursuant to a written plea agreement to Count Two. The Government agreed to dismiss Count One at the conclusion of sentencing. The plea agreement provided that there was no agreement as to the sentence, which would "be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which have been explained to the defendant by his attorney."

The Court, at the plea proceeding, advised petitioner and questioned him under oath as to his knowledge and understanding of his rights, the charge, the maximum penalty, and the application of the sentencing guidelines. The Court questioned him as to his agreement with the factual basis stated by the prosecutor, which included the fact that agents had conducted two controlled buys as alleged in the Indictment. Petitioner stated that he had no disagreement with the factual basis, and

the Court accepted the plea as knowingly and voluntarily entered.

The United States Probation Service prepared and issued a pre-sentence report (PSR), which stated that petitioner had distributed 108 grams of crack cocaine on August 4, 2000, and 77.1 grams of crack hydrochloride on May 21, 2001. The report further stated that petitioner should also be held accountable for distributing 722.9 grams of crack cocaine and 4039.9 grams of cocaine hydrochloride on the basis of statements from cooperating witnesses. The report additionally stated that petitioner should also be held accountable for distributing the equivalent of 17,441 kilograms of marijuana as relevant conduct. The PSR determined the base level to be 36. Petitioner was given a two level enhancement for his role in the offense and a three level downward adjustment for acceptance of responsibility. Hence, the PSR determined that his total offense level was 35 and he had a criminal history category of I, which called for a sentence range of 168 to 210 months.

Petitioner submitted written objections to the PSR, contesting the inclusion of the quantities of cocaine reported by the cooperating witnesses and the two level enhancement for an aggravated role in the offense. The Government filed a motion for downward departure, based upon petitioner's substantial assistance.

At the sentencing hearing, the Government conceded petitioner's objection to the inclusion of cocaine as stated by cooperating witnesses and conceded that the sentence should be based on the quantities actually distributed as charged in the Indictment. Morris and his counsel agreed, and Morris withdrew his objection to the two level enhancement. The Court adjusted the offense level to 31, which called for a range of imprisonment from 108 to 135 months. After granting the Government's motion for downward departure, the Court sentenced petitioner to 60 months in confinement. The Court then advised petitioner of his right to appeal the sentence "as a result of a miscalculation of the guidelines," and informed him that if he could not pay the cost of an appeal he could request that the Court waive the costs and appoint an attorney to represent him on appeal.

*Pro se* notice of appeal was filed on June 14, 2002, and the appeal was dismissed on August 8, 2002, for want of prosecution.

Morris now raises two assignments of error: the Court erred by including the amount of cocaine base he distributed as alleged in Count One of the Indictment; and that his attorney was ineffective at "pretrial, plea and sentencing proceedings by failing to raise meritorious constitutional defenses and failing to investigate the issues of the case," for failing to interview witnesses prior to advising him to plead guilty, and for failing to "hold the government to its burden of persuading the court that the relevant conduct drug amounts was accurate."

## **DISCUSSION**

In general, relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of claims that could not have been raised on direct appeal. *United States v. Sigler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Failure to appeal conviction or sentence is generally viewed as a waiver of those collateral claims. *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 2558 (1995). After a defendant has exhausted or waived any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076 (1992).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). Non-constitutional type errors may not be raised under § 2255 unless the petitioner demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

Petitioner's first claim of error is that the Court did not expressly or implicitly find that the drug transaction alleged in Count One was "relevant conduct," that is, part of the same course of conduct or part of a common scheme or plan as the count of conviction, which he argues is impermissible under *United States v. Vital*, 68 F.3d 114 (5th Cir. 1995). *See* § 1B1.3(a)(2), U.S.S.G.

A district court's calculation under or application of the sentencing guidelines standing alone

is not the type of error cognizable under § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Additionally, this claim could have been raised on direct appeal but was not. Petitioner makes no showing why it was not, and does not profess his innocence to either act. The inclusion of the quantity of cocaine from Count One clearly does not result in a miscarriage of justice..

Furthermore, the parties stipulated that the conduct was relevant and the petitioner himself agreed. Therefore, even assuming *arguendo* that the claim was cognizable, petitioner waived his right to the claim. Waiver results in no error. *United States v. Calverly,* 37 F.3d 160, 162 (5th Cir. 1994).

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test applies to retained counsel as well as appointed counsel. *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984). In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that if fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 687, 688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds*, *Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). Thus, both a deficiency and resulting prejudice must be shown.[1] *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

---

[1] However, there are circumstances where prejudice can be presumed. *See United States v. Cronic*, 466 U.S. 648, 659 (1984); *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is given great deference with a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

The *Strickland* two prong test applies to challenges to guilty pleas based on ineffectiveness of counsel, and "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In order to demonstrate ineffective assistance with respect to sentencing, "there must be a 'reasonable probability that but for trial counsel's errors the defendant's noncapital sentence would have been significantly less harsh.'" *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994). In drug trafficking cases the offense level and ultimately the sentence to be received is determined by the amount of drugs in the defendant's relevant conduct, not just amounts in the offense of conviction. *United States v. Sarasti*, 869 F.2d 805 (5th Cir. 1989). This includes drug quantities in counts that have been dismissed. *United States v. Juan-Ortega*, 866 F.2d 747, 748 (5th Cir. 1989).

Petitioner's counsel objected at sentencing to inclusion of cocaine quantities which were not

charged in the Indictment and were substantiated only by cooperating witness statements. The government conceded this objection. Petitioner's counsel chose not to object to the inclusion of the cocaine actually purchased from Morris, the weight of which was proved by laboratory analysis and which was clearly a lawful inclusion. *See United States v. Vital*, 68 F.3d 114 (5th Cir. 1995). Counsel's strategic decision not to attack the obvious is not error. *See Smith v. Murray*, 477 U.S. 527, 534 (1986). At the plea hearing petitioner agreed that he had sold cocaine on the dates alleged in the Indictment, and he affirmed his concurrence with the factual basis during his post-trial interview with the probation officer. Additionally, at sentencing he stipulated that the quantity of cocaine alleged in Count One was relevant conduct.

Petitioner has failed to identify any act or omission of his counsel that was not the result of reasonable judgment. He has also wholly failed to show that there is a reasonable probability that, but for counsel's acts or omissions, the results of the proceeding would have been different. Further, he has failed to specifically allege what further investigation would have revealed and how it would have benefitted him and has failed to establish with reasonable probability that his sentence would have been less harsh. He has failed to show any error or prejudice related to his sentence or his representation by counsel. Consequently, he has failed to satisfy either prong of the *Strickland* test.

## CONCLUSION

Having carefully considered petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the court finds that petitioner has stated no grounds warranting relief.

An appropriate final judgment will issue.

This the 6th day of July, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE